# CASES

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

## Ripka *against* Sergeant.

The reversioner of the freehold after a tenancy for years may maintain an action on the case against one who erects a dam on the adjacent ground, and backs the water of the stream into the plaintiff's race.

Case lies for a present injury to the freehold; and the law implies damage from flooding the ground of another, though it be in the least possible degree, and without actual prejudice.

ERROR to the Common Pleas of *Chester* county.

George W. Sergeant brought this action on the case to February term 1843, against Joseph Ripka and Thomas P. Wollaston, and complained that by a dam erected by them on White Clay Creek, they raised the water so as to flood the plaintiff's land, and obstruct the wheel of his mill above. The second count stated that the premises were under lease to a tenant at the time the injury was done; and the damages were laid to be lessening the profits of the plaintiff's mill, so that the tenant was unable to pay rent, and the plaintiff's ground was flooded and overflowed. The defendants denied that any ground was injured by the overflowing; nor did that appear, except that the water was backed up the stream, beyond the plaintiff's line and into his race, so as to clog the wheels. It further appeared that the plaintiff's mill

(9)

[Ripka v. Sergeant.]

and premises were under lease to a tenant for years at the time this suit was brought.

The defendants submitted the following points:

1. In order to maintain this action, the plaintiff must allege and prove such permanent injury as to affect his reversionary estate.

2. The allegations of injury are that the plaintiff's land was drowned, and the mill obstructed so that the tenant was unable to pay the rents reserved; which allegations constitute the plaintiff's ground of complaint, the gravamen of his action, and must be sustained by proof, or the plaintiff is not entitled to recover.

3. No evidence has been given here to sustain the plaintiff's cause of action as laid in the declaration.

4. The right of the defendant extends to the penning or damming the water of the stream to within fifty feet of cave rock, without respect to the effects of such damming or penning, either to the land or water-rights of the plaintiff, or to the stream above the fifty feet point.

The court below charged, so far as respected the law of the case, as follows:

" You perceive, therefore, it is an action by a reversioner for an injury done to his reversionary estate. The object is not to vindicate the rights of the tenant Osmond, or to recover damages for an injury to his possession. Of *his* right to sustain an action, if the allegation of the injury inflicted on this mill be true, there could be no question made. But it is objected that the present plaintiff is not entitled to recover in this action, because no permanent injury has been done to his freehold, and because a ground of his complaint is the inability of the tenant to pay the rents reserved, in consequence of the damming back of the water on the wheel of the plaintiff's mill, which has not been sustained by proof. It is undoubtedly true that in such an action as the present by a reversioner, the declaration must allege the injury complained of to have been done to the damage of his reversion, or must state an injury of such a permanent nature as to be necessarily injurious to the reversioner. 3 *Ch. Pl.* 434, *in note; Jackson* v. *Pesked*, (1 *Maule & Selw.* 234). And this allegation must be proved. In this case the plaintiff has so alleged; and, besides, the injury asserted is of such a character as in contemplation of law to damnify the reversion. It is, if continued, of a permanent character; and the plaintiff in this action is entitled to have the right asserted by the defendant to dam back the water, tried and determined before the termination of the term created by the lease to Osmond. Thus a reversioner may have this action for stopping the chimney of a house in the possession of his tenant, whereby the rooms were rendered smoky, and the plaintiff was thus injured in his reversionary estate. See *Precedent*, 3 *Ch. Pl.* 434. The injury is calculated to injure and interfere with the enjoyment of the freehold. It is not like the case of a temporary

[Ripka v. Sergeant.]

trespass, by coming on land in the possession of a tenant, and tramping down the grass and herbage, or hauling stones thereon, as was *Baxter* v. *Taylor*, (4 *Barn. & Ad.* 72), cited for the defendant. Nor is it necessary that the plaintiff give evidence of special damage to sustain such an action; to be sure, in estimating the damages, the jury will take into consideration the actual injury done to the reversioner. In doing so, they ought not to consider the loss suffered by the tenant, unless through the tenant an actual pecuniary loss has been inflicted on the landlord; as by the reduction of rents, or inability of the tenant to pay the rent reserved as a consequence of the act of the defendant. The amount and character of the damages which the plaintiff was entitled to recover was the question in *Baker* v. *Anderson*, (3 *Pick.* 348); but in every case of flooding the ground of another, or improperly impeding the action of his mill, the law implies damage though there be no proof of actual or special damage; but in such case it also implies the lowest amount of damages, or merely nominal damages. Nor does it make a difference that the plaintiff has also laid and attempted to prove special damages, beyond what the law implies. In this case, the allegation that the tenant was unable to pay the rents reserved is not proved.

"But this is not the gravamen of the plaintiff's action; and a failure to prove it is insufficient to defeat his right to recover some damages. A substantive ground of complaint is the injury done to the working of the mill by the back-water occasioned by the dam of the defendants, as is alleged. I have said in such a case the law implies damage; and, as is observed by C. J. Gibson in *Pastorius* v. *Fisher*, (1 *Rawle* 27), laying and attempting to prove special damage beyond this is not a relinquishment of damages for everything short of the whole case. The plaintiff must lay special damage in his declaration, else he shall not give evidence of it; but the converse of the proposition is not true, that, having laid, he must prove it or fail altogether. He is entitled to recover as far as a substantial cause of action has been laid and proved; for the action may be brought and sustained to try the rights of the parties, though no actual pecuniary loss and injury caused to the plaintiff be proved. It is true, if he complain of a single special injury and fail to prove it, he will fail in his action, as in the case of *Williams* v. *Morland*, (2 *Barn. & Cres.* 910). But here the non-payment of the rent is laid merely in aggravation of damages; and, I repeat, a failure to sustain it by evidence does not defeat the action. It follows from what has been said, that the first point submitted by the defendants is affirmed, and the second and third points are negatived."

The jury found a verdict for the plaintiff.

Errors assigned:

1. In charging that the plaintiff was entitled to recover damages.

2. In their charge on the defendants' 2d and 3d points.

*Lewis* and *Meredith*, for the plaintiffs in error.

The reversioner cannot sustain an action for an injury to his reversion. It is an ideal injury and an ideal right. It is not an injury to the freehold such as the law allows an action for. The only act proved was backing the water into the race and clogging the mill, which could have been injurious to the tenant only. As to the argument that the action is necessary to prevent the running of the Statute of Limitations, it is not applicable, because the right to sue being suspended till the lease expires, the statute does not operate. We contend that the authorities have settled the principle that there must be a permanent and visible injury to the freehold to enable the reversioner to sue, not merely an injury to the right. The first case on the subject, *Jesser* v. *Gifford*, (4 *Burr.* 2141), was an action for breaking the plaintiff's wall, among other things; and all the other cases are of a similar character, such as digging the soil, cutting trees, and doing other waste. 3 *Lev.* 209, 359; 2 *Rolle's Ab.* 551; *Cro. Jac.* 221. The case of *Jackson* v. *Pesked*, (1 *Maule & Selw.* 234), decides that it must be an act necessarily injurious to the reversion, and cannot be maintained by the reversioner against one who used a way over the ground, claiming it as his right. The act was considered transient, and it is the same here. The defendants might yet lower their dam, and restore things to their former position.

*Darlington* and *Dillingham*, contra.

It is only necessary to show an encroachment on the right, not an actual damage, to sustain this action; and the rule is the same whether the plaintiff be tenant or reversioner. The point is expressly decided in *Pastorius* v. *Fisher*, (1 *Rawle* 27), and in other books. *Ang. Wat. Cours.* 147; 5 *Co.* 101; 1 *Moo. & Malk.* 404; 1 *Com. Dig.* 458. In 3 *Lev.* 209 the tenant recovered payment for the whole injury, including damage to the trees; yet it was held to be no bar to a suit by the reversioner, but both might sue; the tenant for the damage, and the reversioner to maintain his right.

The opinion of the Court was delivered by

GIBSON, C. J.—The argument for the defendant below assumes the very thing to be proved, that the owner of the freehold cannot have an action for an injury to it, which is not productive of immediate and visible damage. The decision in *Pastorius* v. *Fisher* settles the question otherwise where the owner of the freehold is in possession, and consequently establishes the point that an action may be maintained for such an injury by the tenant for years. Why then should it not be maintained also by the reversioner? The tenant might not be willing to sue till the Statute of Limitations had run; the consequences of which would be, not only the loss of the reversioner's action for the time past, but perhaps the

gain of a right at his expense by an adverse user for twenty years. It is an assumption of the question to say the statute would not begin to run against him till his right of action had accrued. Whether it would run against a reversioner on an adverse possession gained by a disseisor, so as to bar an eject-ment, has not been decided. It was indeed intimated in *Doe* v. *Danvers*, (7 *East* 299), that it would not; but there was no such point in the case; and the doubt was not whether there would be an injury to the freehold, for every disseisin is such, but whether the reversioner had such a right of entry as would support a pos-sessory action; for no one would doubt that he might revest the freehold during the term by a real action. Now there is no place for such a doubt here; for if there is a present injury, it will clearly support an action on the case, which, unlike an ejectment, requires no right of entry. A right to the possession will un-doubtedly maintain it against a wrong-doer; but it follows not that a reversionary right has less effect. It is not disputed that the reversioner may maintain an assize for a nuisance; and a nuisance is consequently an injury to the freehold. Formerly a tenant for years had no remedy for it at all, for the *quod per-mittat* and assize of nuisance lay only for the owner of the free-hold; which shows that an injury to the property is done to him as well as the tenant in possession, even at this day. When the action on the case came to supersede these writs as more conve-nient and equally efficient in practice, it necessarily took nothing from the right of the reversioner, though it might give remedy to the tenant in possession for the part of the injury which affected him personally. If, then, there is a present injury to the freehold, the action is maintainable. But the penning back of water in the channel of a stream is an injury to the freehold, though the banks be not overflowed. It is a species of disseisin for which an assize of nuisance lies. To avoid the consequence of this, the wrong-doer is compelled to fall back on the position from which his argument started, that an action on the case lies only for an actual and appreciable injury; but then he is driven upon the decision in *Pastorius* v. *Fisher*, that the law implies damage from flooding the ground of another, though it be in the least possible degree, and without actual prejudice. And if the principle protects an owner of the freehold in actual possession, why shall it not pro-tect an owner of the freehold in possession by his tenant? There is no authority against it; for *Baxter* v. *Taylor* (4 *Barn. & Ad.* 72) was the case of one or more separate trespasses under a claim of right, which did no damage to the freehold. Unlike the flooding of another's land, the injury did not partake of the nature of a disseisin. Even if an adverse right might not be gained from the reversioner by an undisturbed user for twenty years, it would be unreasonable, after so great a lapse of time, to put him to proof of circumstances in order to show that the user

had originated in a parol license, known, it may be, only to witnesses since dead.   If he had nothing to do with the user during the term, he would be incompetent to object to it or to sanction it. Other consequences, immediately prejudicial to him, might flow from the doctrine attempted.   In contemplation of law, the rent issues out of the land; and whatever impairs the productiveness of it, decreases the landlord's security; but compensation recovered by the tenant would be a poor substitute for the means of payment derived from an unimpaired enjoyment of the premises. Besides, the market value of the reversion would be greatly lessened by an apparent injury which would permanently affect the property, or saddle the purchaser with a lawsuit.   These are instances of immediate damage to the reversioner, and more might be given; but it is sufficient for the action that there has been any degree of damage to the freehold which the law regards; for even an inappreciable. injury entitles the party to nominal damages.

Judgment affirmed.