## JOHN DEVLIN v. JOS. SNELLENBURG ET AL.

APPEAL BY DEFENDANTS FROM THE COURT OF COMMON PLEAS NO. 3 OF PHILADELPHIA COUNTY.

Argued January 20, 1890—Decided February 3, 1890.

1. One who paints an advertisement of his business upon the wall of a building belonging to another, at the time under lease to a tenant, is not relieved from liability to the landlord by the fact that the tenant consented thereto.
2. Where the wall is injured, the injury is an injury to the reversion, and the owner thereof may have his action on the case [or the statutory action of trespass] therefor: Ripka v. Sergeant, 7 W. & S. 9; Schnable v. Koehler, 28 Pa. 181; McIntire v. Coal Co., 118 Pa. 108.
3. The defendant having admitted the trespass and a verdict for actual damages having been found, an instruction to the jury that "no matter what conclusion you come to in the case, the plaintiff is entitled to your verdict," was not reversible error.

Statement of Facts.

Before Paxson, C. J., Sterrett, Green, Williams, McCollum and Mitchell, JJ.

No. 134 July Term 1889, Sup. Ct.; court below, No. 390 December Term 1888, C. P. No. 3.

On November 3, 1887, John Devlin brought trespass against Joseph Snellenburg, Nathan Snellenburg and others, trading as N. Snellenburg & Co. Issue.

At the trial on April 1, 1889, it was made to appear that the defendants, who were clothiers in the city of Philadelphia, had employed one Wm. D. Johnson to paint their advertisements upon blank walls and other spaces in the city; that in his employment said Johnson had painted an advertisement for them upon the wall of the property belonging to the plaintiff, which at the time was in the possession of a tenant under a three years lease, and that the tenant authorized the painting of the sign in consideration of $6 paid to her by the defendants. Testimony was introduced by both parties as to the cost of obliterating the advertisement, the necessity of painting it out and of subsequently repainting the wall, etc., and whether the advertisement could be washed out with an application of caustic soda and water.

The cause was submitted to the jury upon the evidence, the court, Finletter, P. J., saying:

However, it is your duty to consider all the evidence in the case, and to give the proper weight to that which strikes you as evidence upon which you can rely. [No matter what conclusion you may come to in this case, the plaintiff is entitled to a verdict.] [2] The only question is, what will restore this wall to its original condition; that is, what will it cost to put it in as good condition as before the paint was put upon it? That, of course, you must determine from the evidence and the importance that you give to the witnesses on both sides.

The defendants request the court to charge the jury:

1. That if the jury find from the evidence that the wall was painted under the authority of the tenants in possession, then the action for such injury will be only against the tenants, and the verdict should be for defendants.

Answer: Refused.[1]

—The jury rendered a verdict for the plaintiff for $250. A

rule for a new trial having been discharged, judgment was entered, when the defendants took this appeal, assigning for error:

1. The refusal of defendants' point.[1]

2. The portion of the charge embraced in [ ] [2]

Mr. *Thomas R. Elcock*, for the appellants.

Counsel cited: Wood v. Griffin, 46 N. H. 230; Livingston v. Mott, 2 Wend. 605; 2 Hilliard on Torts, 156; Taylor on L. & T., §§ 353, 360.

Mr. *James E. Gorman*, for the appellee.

Counsel cited: Ripka v. Sergeant, 7 W. & S. 9; Schnable v. Koehler, 28 Pa. 181; Robb v. Mann, 11 Pa. 300.

PER CURIAM:

If, as alleged by the defendants, the wall in question was painted by the consent of the tenants in possession, it might render the latter liable to the plaintiff, but it would not relieve the defendants. If the wall was injured, and the jury have so found, it was an injury to the reversion, and the owner thereof may have his action on the case therefor: Ripka v. Sergeant, 7 W. & S. 9; Schnable v. Koehler, 28 Pa. 181; McIntire v. Coal Co., 118 Pa. 108.

The defendant, Joseph J. Snellenburg, having testified when on the stand that the wall was painted by his order and direction, it was not error for the learned judge to instruct the jury that, "no matter what conclusion you come to in the case, the plaintiff is entitled to your verdict." See second assignment.

If the plaintiff was not entitled to nominal damages, this instruction did no harm, in view of the finding of actual damages by the jury. There is authority, however, for the position that in such cases nominal damages must be allowed in any event. See Schnable v. Koehler, supra; Williams v. Esling, 4 Pa. 486. But we need not discuss this question, as it is not essential to the decision of the present case.

Judgment affirmed.