## Logan *v.* The Pennsylvania Telephone Company, Appellant (No. 1).

*Trespass—Trespass quare clausum fregit—Landlord and tenant—Telephone companies.*

1. The owner of real estate which is in exclusive possession of a tenant, may maintain an action of trespass against a telephone company for an injury to his reversion such as the destruction of trees.

2. In an action of trespass against a telephone company it cannot be alleged as a defense merely at the suggestion of counsel and without filing any plea of abatement, that subsequent to the institution of the suit the defendant company had merged in another company thereby terminating its corporate existence.

Argued March 9, 1909. Appeal, No. 16, March T., 1909, by defendant, from judgment of C. P. York Co., Aug. T., 1907, No. 77, on verdict for plaintiff in case of William H. Logan v. The Pennsylvania Telephone Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Trespass to recover damages for injuries to trees. Before WANNER, J.

At the trial it appeared that plaintiff owned 246 acres of land in Carroll township. The northern boundary of the land was a public road along which the plaintiff had planted a row of ornamental trees. The defendant in erecting its telephone line trimmed and cut down many of these trees. At the time of the suit the land was in the exclusive possession of a tenant.

Defendant presented these points:

1. To enable the plaintiff to recover in this case he must show that at the time of the alleged trespass he had possession of the premises in dispute or the right to the immediate actual possession thereof. *Answer:* This point is refused as written. Under the undisputed facts of this case the plaintiff's possession, or right of possession, was sufficient to maintain this action against a stranger out of possession for damage to his reversionary interest in the land. [1]

2. The uncontradicted evidence being that others, to wit: Brandt and Haar, were at the time of the trespass complained of in actual possession of the premises under a lease from the plaintiff, the plaintiff cannot recover in this action of trespass, and the verdict must be for the defendant. *Answer:* This point is refused. [2]

3. It appearing from the suggestion put upon the record by Mr. Keesey and Mr. Black, uncontradicted, that the Pennsylvania Telephone Company has been merged under the act of June 14, 1901, with the Bell Telephone Company of Philadelphia, and that the said merger was consummated under the provisions of said act on, to-wit: January 1, 1908, and that upon said latter date the corporate existence of the said Pennsylvania Telephone Company terminated, this action has abated, and there can be no verdict of judgment against the defendant. *Answer:* This point is refused. [3]

4. Under all the evidence the verdict of the jury must be for the defendant. *Answer:* This point is refused. [4]

Verdict and judgment for plaintiff for $740. Defendant appealed.

*Errors assigned* were (1–4) above instructions, quoting them.

*V. K. Keesey*, with him *J. S. Black*, for appellant.—The landlord may not maintain an action for trespass for injury to trees where a lessee of the land is in possession: Greber v. Kleckner, 2 Pa. 289; Wilkinson v. Connell, 158 Pa. 126; Clark v. Smith, 25 Pa. 137.

After dissolution of a corporation no action can be maintained against it, and pending actions abate unless there are statutory provisions to the contrary.

*James J. Logan* and *John N. Logan*, with them *Henry C. Niles*, for appellee.—A landlord whose property is in the possession of a tenant under a lease may maintain trespass against an intruder (even where the intrusion is with the consent of the tenant) for any injury affecting the reversion, and may recover damages in such action commensurable to the injury. Trespass

is his proper remedy. Before the act of 1887 his remedy would have been "case:" Devlin v. Snellenburg, 132 Pa. 186; Schnable v. Koehler, 28 Pa. 181; McIntire v. Westmoreland Coal Company, 118 Pa. 108; Ripka v. Sergeant, 7 W. & S. 9; Williams v. Esling, 4 Pa. 486; Robb v. Mann, 11 Pa. 300; Hennessy v. Anstock, 19 Pa. Superior Ct. 644; Hart v. Evans, 8 Pa. 13.

Possession by a tenant as against a mere intruder without title, is in law possession by the landlord: Vanderslice v. Donner, 26 Pa. Superior Ct. 319; Schnable v. Koehler, 28 Pa. 181; McIntire v. Coal Co., 118 Pa. 108.

Plaintiff need not be possessed pedis possessio: Hart v. Evans, 8 Pa. 13; Vanderslice v. Donner, 26 Pa. Superior Ct. 319; Devlin v. Snellenburg, 132 Pa. 186; Jackson v. Gunton, 26 Pa. Superior Ct. 203.

It does not appear upon the record that the telephone company, the defendant, consolidated with the Bell Telephone Company of Philadelphia on January 1, 1908. The plaintiff admits nothing, denies everything and calls for proof. If such consolidation occurred it is not properly before the court and cannot be considered: Philadelphia, Wilmington & Baltimore R. R. Co. v. Conway et al., 112 Pa. 511; 1 Eastman's Private Corporations in Pennsylvania (2d ed.), sec. 621; Baltimore & Susquehanna R. R. Co. v. Musselman, 2 Grant, 348.

OPINION BY MORRISON, J., October 11, 1909:

There is nothing of serious importance raised by the first and second assignments of error. Prior to the procedure Act of May 25, 1887, P. L. 271, there were three well-known forms of actions of trespass, viz.: vi et armis, quare clausum fregit and trespass on the case. By the second section of that act it is provided: "That, so far as relates to procedure, the distinctions heretofore existing between actions ex delicto be abolished, and that all damages, heretofore recoverable in trespass, trover or trespass on the case, shall hereafter be sued for and recovered in one form of action, to be called an action of trespass."

Under this act and the numerous decisions thereunder, the plaintiff was entitled to recover in this action of trespass, under his declaration, which is a fairly concise statement of his cause

of action, even if under the old law he could only have recovered in case. The declaration avers an injury to the reversion, and under the old law the plaintiff could maintain his action in case without the personal possession of the locus in quo: Duffield v. Rosenzweig, 144 Pa. 520. The declaration avers that the plaintiff was seized of the locus in quo before, at the time of and since the injuries complained of therein. This was sufficient to maintain trespass on the case, although the plaintiff was not in an actual pedis possessio of the premises: Hart v. Evans, 8 Pa. 13. Moreover, the plaintiff's tenants were in possession, and we held in Vanderslice v. Donner, 26 Pa. Superior Ct. 319, that "As to the first, since possession by a tenant is in law possession by the landlord, it is always competent to show such possession when the question of possession by the landlord is involved." Under this and other authorities that might be cited, we are not prepared to concede that trespass quare clausum fregit might not be maintained by the landlord, under the possession of his tenant, against a wrongdoer. But that question is not necessarily in the present case, as the plaintiff had the right to recover in case for the injury to the reversion, if he did not have possession.

In Devlin v. Snellenburg, 132 Pa. 186, it was held as stated in the syllabus: "One who paints an advertisement of his business upon the wall of a building belonging to another, at the time under lease to a tenant, is not relieved from liability to the landlord by the fact that the tenant consented thereto. Where the wall is injured, the injury is an injury to the reversion, and the owner thereof may have his action on the case (or the statutory action of trespass) therefor: Ripka v. Sergeant, 7 W. & S. 9; Schnable v. Koehler, 28 Pa. 181; McIntyre v. Coal Co., 118 Pa. 108." See also Hennessy v. Anstock, 19 Pa. Superior Ct. 644. The first and second assignments are not sustained.

There is no merit in the third assignment. The defendant, by counsel, appeared and entered a general plea of not guilty, and the case was tried on the theory that the defendant was duly incorporated and had a corporate existence long after the alleged trespass and after the commencement of the suit. Moreover, the learned counsel for the defendant admit this

both in their oral and printed argument. We find nothing in the record sustaining the suggestion made at the trial, "that the defendant corporation had been merged under the act of June 14, 1901, with the Bell Telephone Company of Philadelphia, and that the said merger was consummated on January 1, 1908, and that upon said date the corporate existence of the defendant company terminated, this action abated, and there can be no judgment against the defendant." This suit was commenced in July, 1907, long prior to the alleged merger, and it could not be abated, after plea entered, by the mere suggestion of counsel made at the trial. If a proper plea in abatement had been entered it would have been necessary to have sustained it by the best competent evidence of that fact, to wit, that the suit had abated. The defendant offered no testimony and we are at a loss to understand how it can be contended that the suggestion that the suit had abated was sustained. Upon this question the learned court below in disposing of the motion for a new trial, said: "This suggestion was only made of record by defendant's counsel at the trial of the case, and no formal plea in abatement was previously filed, or any affidavit made by the defendant to the facts on which the motion was based, and which were not formally admitted by the plaintiff. The question was not, therefore, properly before the court for a ruling on the question of whether or not the writ was abated in this case. But even if the defendant corporation had become merged in another as suggested, the Acts of assembly of May 29, 1901, P. L. 349, and of June 14, 1901, P. L. 566, would have preserved the right of the plaintiff to recover in this action for injuries to his property inflicted by the defendant." Upon this record we are not convinced that the court was in error in the above conclusion.

The fourth assignment of error complains of the court for refusing the defendant's fourth point that under all the evidence the verdict of the jury must be for the defendant. Under the evidence the case was for the jury and therefore this point could not have been affirmed.

The grounds of complaint raised by the fifth, sixth, seventh, eighth and ninth assignments will disappear when the plain-

tiff files a stipulation to the effect that the present recovery shall include the servitude imposed on his land by the erection and maintenance of the telephone line along the highway thereon. This will not injure the defendant because the learned court below instructed the jury not to include in the verdict any damages caused by the servitude imposed on the plaintiff's land.

We discover no reason why, by a slight amendment of the declaration, the plaintiff might not have recovered in this action all of the damages he suffered by the unlawful entry upon and use of his lands by the defendant corporation.

We find no serious error in this record and instead of convicting the court of error we are lead to the conclusion that great patience and good judgment were exhibited by the learned judge during the trial of the case and, we think, the verdict and judgment below does no injustice to the defendant.

We cannot sustain the tenth assignment as in our opinion the learned court properly submitted the plaintiff's evidence to the jury for consideration along with the other evidence.

In their oral and printed argument the counsel for plaintiff offered to file a stipulation to the effect that the verdict and judgment below will be accepted in full of all damages, including the servitude. If this is done it will not be necessary to make a formal amendment to the declaration.

In the following order it is assumed that the plaintiff will file the stipulation mentioned and, therefore, no alternative order is made. If, on notice from the prothonotary to the plaintiff, or his counsel of record, he shall within ten days file a stipulation as above indicated, then the prothonotary will enter, "The assignments of error are all overruled and the judgment is affirmed."