# Schienle, Appellant, *v.* Eckels.

*Landlord and tenant—Eviction—Remedy—Trespass—Action on covenant—Damages.*

1. One who wrongfully invades the rights of another is a trespasser, and this rule applies to the unlawful invasion of the rights of a tenant by his landlord. The tenant may sue on the covenant for quiet enjoyment, if there be such covenant either expressed or implied, or he may elect to treat the eviction as a trespass upon his rights and sue for damages. The burden is upon him to show a wrongful eviction.

2. If, in such a case, the jury determines that the tenant has been wrongfully evicted, nominal damages at least will follow, even if no other elements of damage have been proved.

3. If the tenant shows that there was a wrongful eviction before the end of the period for which he had paid rent in advance such proof is evidence of actual damage to go to the jury.

Argued Jan. 17, 1910. Appeal, No. 324, Jan. T., 1909, by plaintiff, from order of C. P. No. 2, Phila. Co., March T., 1906, No. 1,327, refusing to take off nonsuit in case of John C. Schienle v. Charles A. Eckels. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Reversed.

Trespass by tenant against a landlord for an alleged wrongful eviction.

At the trial it appeared that the plaintiff occupied two rooms and a bath in a residence in the city of Philadelphia. He was in possession under a written lease at rental of $16.00 per month payable in advance. The plaintiff showed that he had paid his rent in advance for the month of December, 1905, and that on the thirteenth day of that month the defendant had evicted him by cutting off heat and light, and making such alterations in the building that the plaintiff was forced to remove from the premises.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*Joseph Hill Brinton,* with him *Chas. I. Cronin,* for appellant.—Appellant paid the rent under the terms of the lease and brought the action in trespass. The appellant, a tenant under lease, and in actual possession thereunder, being dispossessed, by the wanton and overt acts of the landlord, may under the law, bring his action for damages in trespass. Nominal damages may be recovered for trespass, though no actual damages be proved: Ripka v. Sergeant, 7 W. & S. 9; Williams v. Esling, 4 Pa. 486; Schnable v. Koehler, 28 Pa. 181; Hutchinson v. Schimmelfeder, 40 Pa. 396.

Actual damages were proven: Garrett v. Cummins, 2 Phila. 207; Maule v. Ashmead, 20 Pa. 482; Steel v. Frick, 56 Pa. 172.

*Owen B. Jenkins,* for appellee.—The appellee's acts were no eviction: Sutton v. Foulke, 19 Phila. 419; Hele v. Stewart, 19 W. N. C. 129; Cunningham v. Entrekin, 15 Pa. C. C. Rep. 183; Lewin v. Pauli, 19 Pa. Superior Ct. 447; Tucker v. DuPuy, 210 Pa. 461.

OPINION BY MR. JUSTICE ELKIN, February 21, 1910:

In our consideration of this case we are not aided by the reasons which moved the learned court below to enter the nonsuit nor for the refusal to take it off. The form of the action

is trespass and the cause the alleged wrongful eviction of appellant as tenant. If the eviction was wrongful the injured party has a remedy in an action for damages. The burden was on plaintiff to show a wrongful eviction, but in our opinion this burden was met by the introduction of evidence sufficient to be submitted to the jury on this question. If the jury should determine that the tenant had been wrongfully evicted, nominal damages at least would follow, even if no other elements of damage had been proved. One who wrongfully invades the rights of another is a trespasser, and this rule applies to the unlawful invasion of the rights of a tenant by his landlord. It is no doubt true an action on the covenant for quiet enjoyment, if there be such covenant either expressed or implied, may lie, but the tenant may elect to treat the eviction as a trespass upon his rights and sue for damages. This is what the tenant did in the present case. The right to thus proceed is based upon the theory that if there was a wrongful eviction there was a willful invasion of the rights of another and the injured party is entitled to maintain his action to have his rights determined even if no substantial injury was actually done: Williams v. Esling, 4 Pa. 486; Schnable v. Koehler, 28 Pa. 181; Hutchinson v. Schimmelfeder, 40 Pa. 396. It is not necessary to rest this case on the question of nominal damages because if there was an eviction before the end of the period for which the appellant had paid rent in advance, and this was the proof, clearly this was evidence of actual damage to go to the jury. We do not deem it necessary to discuss the question of exemplary damages and other elements of actual damage claimed for the reason that all these questions can be properly presented in the court below when the case is again tried. We are all of opinion, however, that the case was for the jury and that error was committed in entering the nonsuit.

Judgment reversed and a venire facias de novo awarded.