# John C. Kaiser *v.* Nordhem Service Company, Appellant.

*Trespass—Measure of damages—Verdict.*

One who paints an advertisement upon the wall of a building belonging to another, without the consent of the owner thereof, will be held liable for damages to said property.

Under such circumstances, the measure of damages is for the jury, and a verdict, representing the cost of repainting the entire side of the building will not be disturbed.

Argued May 8, 1924.   Appeal, No. 134, April T., 1924, by defendant, from judgment of C. P. Allegheny Co., July T., 1921, No. 886, on verdict for plaintiff, in the case of John C. Kaiser v. Nordhem Service Company.   Before HENDERSON, TREXLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover damages for painting advertising sign on plaintiff's premises.   Before FORD, J.

The facts are stated in the opinion of the Superior Court.

The jury rendered a verdict in favor of the plaintiff in the sum of $200, and judgment was entered thereon.   Defendant appealed.

*Errors assigned* were various rulings on evidence, the charge of the court, answers to points and refusal of defendants' motion for judgment non obstante veredicto.

*A. T. Churchill,* and with him *R. T. M. McCready,* for appellant.

*W. W. Stoner,* of *J. M. Stoner & Sons,* for appellee.

PER CURIAM, July 2, 1924:

Plaintiff owned a two and a half story frame building at the intersection of two streets in Pittsburgh. The first floor, with a show window in front, was occupied by a small store. Without plaintiff's consent, defendant painted a large advertising sign, described as "about 15 feet in height and 12 feet in width," on the side of the building. Plaintiff sued for damages resulting from that trespass, contending that in the circumstances, it became necessary to paint the whole house, properly to remedy the damage resulting from the sign painting. There was evidence that the cost of painting the house would be $308. The jury rendered a verdict of $200, which, (if the whole cost were $308) judging by a photograph of the house in the record, would seem to represent the cost of painting only the side of the house on which the sign was painted; we cannot say the verdict was excessive. We have examined the assignments of error in the light of defendant's argument and the record, and are not convinced that reversible error has been shown: Devlin v. Snellenburg, 132 Pa. 186.

Judgment affirmed.