BOLGER, J.,
— Plaintiff, by his agent, Greenfield Realty Company, Inc., entered into a written lease on May 11,1967, for a term of 10 years for premises 6301 Passyunk Avenue with defendant, Azad, Inc., a Pennsylvania corporation t/a Thrifty Rent-A-Car System, for the operation by the latter of an automobile car rental service at the annual rental of $4,800.
Defendant entered upon the premises and, after certain alterations were made in accordance with the terms of the lease, used the premises for the purposes stated.
*728 During the month of October 1970, the lessee contracted with the other defendant corporations for the installation of a 4,000-gallon gasoline storage tank on the premises together with a gasoline pump and for supplying gasoline and oh.
In this action in equity, plaintiff seeks to enjoin defendant gasoline companies from further delivering gasoline to defendant, Azad, Inc., at the leased premises; to have defendant, Azad, Inc., remove said tank, pump, gasoline and oil from said premises; to hold all defendants liable to plaintiff, jointly and severally, for monetary damages resulting from the breach of the terms and covenants of the said lease and the ensuing trespass upon plaintiffs property; to recover punitive damages against all defendants jointly and severally for the willful and malicious trespass upon plaintiffs premises; to have the lease declared terminated on the grounds that defendant, Azad, Inc., violated its terms by having said tank and pump installed, and Azad, Inc., be ordered to vacate plaintiff’s premises forthwith and that all sums currently being held by plaintiff as security deposit be forfeited; to enjoin defendants, Mid-State Equipment Service, Inc., and Texaco, Inc., perpetually from entering upon the demised premises and ordered to remove any and all equipment, including gasoline and oil, heretofore delivered by them to the said premises in violation of the terms and covenants of the said lease.
The basic question is whether defendant, Azad, Inc., has violated the terms of the lease and if, in so doing, it rendered itself subject to forfeiture of the lease with the resultant possible liability of Azad, Inc., and the other defendants for damages; the other defendants having been notified by plaintiff not to install the tank or to supply gasoline.
*729 The original lease is on a printed form from which was deleted, inter alia, the provision that the lessee shall have the right to make alterations, etc., to the demised premises. However, in a typewritten rider attached to the lease and made part thereof, section 36 provides:
“The lessee shall have the right to make any alterations, improvements or additions to the demised premises and same shall remain upon the premises at the expiration or sooner determination of this lease and become the property of the lessor.”
In its brief and proposed findings of fact, the lessee agrees that should the tank and other equipment be permitted to remain on the premises, it would assume the responsibility of removing it at its own cost at the expiration of the lease or sooner termination.
Plaintiff, in addition to alleging that the lessee breached the lease by committing waste, points also to express covenants in the lease which he claims were breached, viz., paragraph 9(e) which, among other things, provides as follows:
“Lessee covenants and agrees that he will do none of the following things without the consent in writing of the lessor first had and obtained:
“Use or operate any machinery that in lessors opinion is harmful to the building.” and Paragraph 9 (g) wherein the lessee covenants that he
“Will not carry or have any benzine or explosive material of any kind in and about the demised premises.”
Defendant, Azad, Inc., maintains that under the expressed terms of the lease it has the unquestioned authority and right “to make alterations, improve *730 ments or additions to the demised premises/’ and further, that the benefit of these alterations, improvements or additions are to inure to the benefit of the lessor since, as part of paragraph 36 of said lease “same shall remain upon the premises at the expiration or sooner determination of this lease and become the property of the lessor.”
The chancellor heard testimony collateral to the execution of the lease as to the intentions of the parties respecting the possible right of the lessee to install the tank and pump, but his findings of fact and conclusions of law do not include any reference to such testimony.
In Thompson v. Christie, 138 Pa. 230, 249, it is stated: “The rule undoubtedly is that the right to declare a forfeiture must be distinctly reserved; that the proof of the happening of the event on which the right is to be exercised must be clear; that the party entitled to do so must exercise his right promptly; and that the result of enforcing the forfeiture must not be unconscionable.”
This rule, no doubt, is based upon the drastic nature of forfeiture. In Cleveland v. Salwen, 292 Pa. 427, 430, it is stated:
“But the forfeiture of a lease, such as the one in question here, whereby a well established business would be disorganized, subjected to an expensive and burdensome removal of goods and fixtures and perhaps a serious loss of patrons and diminution of income, is no light affair.”
In Blue Ridge Metal Manufacturing Co. v. Proctor, 327 Pa. 424, 428, one of the main principles of equitable relief is enjoined, the court stating:
“Remedy being dependent upon equitable principles, relief will not be granted unless it is equitable to do *731 so.” See also Trickett on Landlord and Tenant, Chap. XXII, sec. 358.
The chancellor finds that the installation of the tank and pump and their operation are highly useful even though not indispensable to the conduct of the lessee’s business and the purpose for which it rented the premises. They can well be regarded as trade fixtures. It is quite clear that in the operation of an automobile rental service every car must be moved automatically and that, therefore, fuel must be available in order to move the vehicles. In the light of the evidence in this case, the chancellor sees no reason to require the lessee, in order to carry on its business, to obtain fuel otherwise than from its own supply. Of course, it is basic to the findings in this case that the lessee confine the use of the tank and the pump to its own particular business and not make such gasoline available for sale to the public.
Examination of the lease indicates that while the use of machinery, benzine or other explosive material in and about the demised premises are enjoined, nevertheless these provisions must be read in the light of the nature of the business for which the property was rented and the covenant whereby the lessee is authorized to make alterations, improvements or additions to the demised premises. When so connected the end result is that the right to declare a forfeiture, not being expressly reserved, is not, in the opinion of the chancellor, justified. Moreover, these covenants are contained in the provisions of the lease having to do with any illegal use of the property which would impair contracts of insurance which are provided in the lease. Any ambiguity existing must be resolved in favor of the tenant and, therefore, the chancellor refuses to declare that the lease has been breached and *732 that a forfeiture must be decreed. To do so would be inequitable and is countered by the defendant’s offer to remove the tank and pump at its own expense at the conclusion of the lease or other termination of the lessee’s occupancy of the demised premises.
Plaintiff maintains that although he is not in actual possession of the land, he is in constructive possession and, therefore, he has a standing to sue for alleged waste. The evidence does not support the charge of waste, and the chancellor expressly rejects plaintiff’s request for finding of fact on this point. There is not sufficient testimony to base a finding that any of defendants or all of them inflicted actual permanent harm to the property of such a sort as to affect the value of plaintiff’s reversionary interest in the land: Devlin v. Snellenberg, 132 Pa. 186 (1890).
The demised premises are located in an industrially zoned area. The land on the lot is not strictly solid earth but is largely, but not completely, fill, having formerly been swamp land used for dumping purposes. Subsequent to the hearings, the lessee submitted a copy of the deed by which plaintiff holds title. It contains a restrictive covenant providing that no structure or building can be erected upon the land which is higher than three feet. These elements are important in considering the extent of the damage, if any, perpetrated by the installation of the tank and the pump and the cost of restoring the lot to its former pristine condition.
It is noted that the lease provides that the lessee supply a bond in the amount of $1,200 conditioned upon the faithful performance of the lease and the turning over of the property to the lessor at the termination of the lease unimpaired. The chancellor finds that the installation of the tank and the pump have increased the value of the leasehold. This is supported in large part by the substantial increase in the lessee’s *733 business. Equity requires in the circumstances that the lessor be protected against any increase in real estate or other taxes or other similar charges as well as increased insurance premiums, fire or otherwise.
It is, therefore, ordered and decreed that any increase in taxes or other charges or insurance rates shall be assumed by the lessee and paid by him as rent and that defendant post an additional bond of $2,500 conditioned upon the faithful performance of the conditions of this decree both as to rent or other charges, insurance rates and costs of removal of the tank and pump, when, as and if required.
DECREE
And now, July 6, 1971, plaintiff’s complaint is dismissed as to all defendants subject to the terms and conditions hereinbefore set forth.