## Rafsnyder's Appeal.

Where a perpetual policy of insurance is assigned to a mortgagee as collateral security for the mortgage debt, he is entitled to the deposit premium if, upon a sale of the mortgage premises upon a foreclosure, there is not enough realized to satisfy said debt.

January 23d 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, WOODWARD, TRUNKEY and STERRETT, JJ. PAXSON, J., did not sit.

Appeal from the Court of Common Pleas, No. 2, of *Philadelphia county:* Of January Term 1879, No. 31. In Equity.

This was a bill in equity filed by Peter C. Hollis, surviving executor of Levi Dickson, against the Spring Garden Insurance Company and Edwin and Mary L. Rafsnyder. From the bill and answer it appeared that one Reinstein had perpetually insured certain houses in the defendant company, which houses had been mortgaged to one Altemus and the policies transferred to him as collateral security. These policies contained the following conditions :

"In all cases of sale of the property insured, where the policy is not transferred, the deposit money may be withdrawn by the depositor or his legal representatives, if applied for within sixty days after such sale, subject to a deduction of ten per centum ; but if not applied for within that time, the said deposit money shall be considered as sunk for the benefit of the company."

"Mortgagees and others to whom any policy shall have been transferred as collateral security, cannot withdraw the deposit money on such policy."

Reinstein conveyed the houses to Mrs. Rafsnyder and gave her an assignment of the policies. Altemus assigned the mortgages and policies to Hollis, the plaintiff, who obtained judgment on writs of scire facias, and the properties were sold by the sheriff for an amount which did not satisfy the mortgage debt. The bill prayed that the insurance company be decreed to pay to plaintiff the deposited premiums less ten per cent., and offered to surrender the policies on payment of the money. Mrs. Rafsnyder, who was made a party to the bill, also claimed these premiums. After argument upon bill and answer the court, Hare, P. J., delivered the following opinion :

"Reinstein insured certain houses which had been mortgaged to

[Rafsnyder's Appeal.]

Altemus, and transferred the policies to the mortgagee as a collateral security. He then conveyed the houses to Mary L. Rafsnyder, and she also received from him an assignment of the policies. The mortgages and policies were subsequently assigned by Altemus to the plaintiffs, who issued writs of scire facias which were prosecuted to judgment, and the mortgaged premises sold by the sheriff for an amount which did not satisfy the debt. The question before us is, who is entitled to the premium or deposit which was the consideration for the insurance?

"The fund in controversy is claimed by the plaintiffs as the assignees of the policies and of the bonds and mortgages which the policies were assigned to secure, by Mary L. Rafsnyder as the purchaser of the premises covered by the insurance; and finally by the Spring Garden Insurance Company, who, while alleging that her right is better than the plaintiffs', ask to set off a demand against her growing out of an independent transaction.

"It results from what has been said that the controversy turns on the following point: Is a mortgagee, to whom a permanent insurance has been assigned as a security, entitled to the premium on a sale being made of the mortgaged premises which puts an end to his insurable interest and to that of the mortgagor? There can be little doubt that the inquiry should receive an affirmative reply. It is well settled that an assignment carries with it every incident or accessory which is essential to the use or enjoyment of the thing transferred, or that will conduce to the attainment of the end which the parties have in view; but the case before us hardly stands in need of this principle, because the right to rescind a contract and recover back the consideration is as much a part of the contract as the right to the amount which will be due if the contract goes into effect, and may equally well be exercised by one to whom the contract is assigned.

"The soundness of this reasoning was virtually conceded during the argument, but it was alleged to be inapplicable to |the case in hand. Agreeably to the view taken for the defence, the assignment under which the plaintiffs claim, was designed to indemnify them as mortgagees against loss by fire, and their right under it ceased when the lien of the mortgage was divested by the sheriff's sale. This argument might be entirely just if the insurance were of their interest as mortgagees, or if an insurance effected by a mortgagor became an insurance of the mortgage on being transferred to the mortgagee. It is, however, clear on authority and principle, that such a transfer does not alter the effect or nature of the policy, which remains as it was at first an insurance of the mortgagor's estate as the equitable owner of the premises, and that what the mortgagee acquires is not an interest in the insurance as such, but a right to appropriate the amount which may become due under the contract, to the payment of the mortgage debt. See The State Ins. Co. v.

Roberts, 7 Casey 438; Carpenter *v.* The Washington Ins. Co., 16 Pet. 495, 512; Conover *v.* The Atlantic Ins. Co., 17 N. Y. 391; Macomber *v.* The Ins. Co., 8 Cush. 133; Hale *v.* The Mechanics' Ins. Co., 6 Gray 169. In other words the transfer is made to him as creditor as well as mortgagee, and the effect is nearly if not quite the same as if he were merely an obligee, and had no specific lien. Hence an assignment of a policy of insurance as collateral security for a bond and mortgage will not be invalidated by the discharge of the mortgage lien, so long as the bond remains and is unpaid; and if this is true as between the assignor and assignee it must be equally so of one claiming by virtue of a subsequent assignment.

" It is no small argument in favor of the conclusion above indicated that it does exact justice among all the parties who have any right or title to the fund in dispute. The money is not only paid to the plaintiffs on account of the amount confessedly due to them on the bond, but it will go to discharge the liability which Reinstein and Mary L. Rafsnyder incurred by buying 'under and subject to' the mortgage. Parties who deal with each other on a common basis, or in a matter in which all are interested, may reasonably be supposed to intend that the fruits of the transaction shall be appropriated in a way to be mutually beneficial, rather than to a purpose in which one or more of them are not concerned; and when there is no countervailing reason a court of equity will be guided by this presumption in distributing the fund. Such is the principle on which securities in the hands of the creditor are used to exonerate the surety, and those held by the surety to pay the debt; and it applies *a fortiori* in the present instance where the motive for depositing the premium was to secure the mortgagee, as well as to indemnify the owner of the premises, and here both objects are accomplished by awarding the money to the plaintiffs.

" Relief is decreed in accordance with the prayer of the bill.

" And now, September 28th 1878, this cause having been argued by counsel upon bill and answer, it is decreed by the court :

"1. That The Spring Garden Insurance Company pay to Peter C. Hollis, surviving executor of Levi Dickson, deceased, the amount of the premium of the policies of insurance mentioned in the pleadings, less ten per cent., viz.: $252, with interest from January 1st 1877.

" 2. That the defendant pay the costs of this suit."

The defendants assigned this decree for error.

*Charles Henry Hart*, for Mrs. Rafsnyder.—The learned judge who delivered the opinion of the court below, seems to have overlooked entirely that condition annexed to the policy which provides that "mortgagees and others to whom any policy shall have been transferred as collateral security, cannot withdraw the deposit money on such policy."

[Rafsnyder's Appeal.]

Yet this was as binding upon the mortgagees, when they took the assignment, as all the other conditions, and it has been held repeatedly that the conditions annexed to a policy are as much a part of the contract as though incorporated in the instrument, and that the assignee takes it subject to all the express stipulations contained in the policies : State Ins. Co. v. Roberts, 7 Casey 443 ; Buckley v. Garrett, 11 Wright 204 ; Fire Ins. Co. v. Williamson, 2 Casey 196 ; Desilver v. Mutual Ins. Co., 2 Wright 130; Ins. Co. v. Gottsman, 12 Id. 151 ; Bank v. Yerkes, 35 Leg. Int. 203.

The policies of insurance were collateral only to the mortgages, and so expressed in the assignments, in the customary way, by the word "mortgagees," after the name of the assignees. Besides this, it is the conclusion of law drawn from the transaction: Buckley v. Garrett, 10 P. F. Smith 333.

Such being the case, as soon as the mortgagees' interest ceased by operation of the sheriff's sale, their interest in the policies ceased also, and all rights under the policies reverted to Mrs. Rafsnyder : State Ins. Co. v. Roberts, 7 Casey 438.

*A. D. Campbell*, for the Insurance Company.

*George Junkin*, for appellee.—The assignment of the policy, as that of the mortgage, was to secure the payment of the debt. Until that is accomplished, the policy, and all it represents in value, must remain with the holders of the debt.

The purpose of this provision manifestly was to prevent the holder of the collateral from withdrawing the deposit money, and leaving the houses uninsured. When the insurable interest has ceased, as in the present instance, the condition ceases with it. Getting the deposit now from the company, and applying it to the payment of the debt secured by it, is not "withdrawing" it within the meaning of this provision of the policy.

The judgment of the Supreme Court was entered, February 17th 1879,

Per Curiam.—Nothing can be added to the opinion of the learned President Judge Hare in the court below, and upon that opinion we affirm the decree.

　　　　Decree affirmed and appeal dismissed at the cost of the appellants.