## Alexander Kost, Plff. in Err., *v.* Charles Theis, Landlord, and Edward A. Devlin, Bailiff.

The assignee of a lessor is clothed with all the rights and powers which the lessor himself could exercise under the lease, and may distrain for all rent due thereunder.

His right to make such distress is not affected by his becoming the owner in fee of a part of the leased premises, the title to the other part remaining in his assignor. The tenant cannot set up such outstanding title to defeat the collection of the rent by the assignee of the lease.

The assignee of a lessor is entitled to demand from the tenant all the rent which comes due under the terms of the lease after he acquires his title.

When, however, after a lease had expired, a tenant continues in possession of the leased premises for a further term, upon the express parol agreement that he should make certain repairs to the property and deduct the cost thereof from his rent, he is entitled to set off the cost of these repairs against the rent claimed to be due by the assignee of his landlord.

The right of the tenant to claim this set-off is not affected by a voluntary payment in money to his landlord of all the rent which becomes due under the terms of the lease prior to the date when the lease was assigned.

(Argued January 18, 1888. Decided January 30, 1888.)

July Term, 1887, No. 188, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Error to Common Pleas No. 2 of Philadelphia County to review a judgment on a verdict for the defendants in an action of replevin. Affirmed.

The facts are as follows:

From August 1, 1883, until August 1, 1884, Kost, the plaintiff, was a tenant of the Germania Theater in Philadelphia, under a written lease, at the yearly rental of $5,000, payable monthly in advance. The lessors in the said lease were the firm of Ladner Brothers, bankers and brokers, in Philadelphia. Sometime about the month of March, 1884, the plaintiff informed his lessors that the theater needed extensive repairs, and that unless these repairs were made, he, Kost, would not occupy the theater for the ensuing year, commencing August 1, 1884. At that interview the Ladners promised to make the requisite repairs.

In the month of May, 1884, the Ladners informed Kost that they would not be able to make the repairs of the theater, but that they would allow him to make such repairs as were needed, to the amount of $2,000, and deduct this sum from the rent of the theater for the year commencing August 1, 1884. To this Kost agreed.

The Ladners asked him to pay all the rent he could in advance.

On August 22, 1884, Kost and the Ladners had a settlement, and a receipt was given Kost for $1,666.68, for four months' rent in advance, beginning August 1, 1884. Kost continued to make the necessary repairs to the theater, and pay for them; he expended in these repairs the sum of $1,435 or thereabouts. Kost further claimed that at the time of the settlement between the Ladners and himself in August, 1884, it was agreed that the sum paid by Kost on account of rent for the year commencing August 1, 1884, amounted to $2,584, or thereabouts. These two sums discharged the rent of the theater until sometime in May, 1885.

About the end of August, 1884, the firm of Ladner Brothers failed, and made an assignment for the benefit of their creditors, to William F. Harrity, Esq. On the 6th of December, 1884, Charles Theis, the mortgagee of the theater by a mortgage dated

November 8, 1877, purchased the theater at a sheriff's sale, and his deed was acknowledged December 17, 1884. A small part of the premises on which the theater stood did not pass to Theis under this sheriff's deed; and to this part he did not acquire title until May, 1885. On September 17, 1884, Ladner Brothers assigned their lease to W. F. Harrity, who on December 17, 1884, assigned it to Theis. Thereupon Theis informed Kost in writing that he had become the owner of the premises, and would require the rent accruing after that date to be paid to him. Kost replied to Theis at that time, that he had paid the rent of the premises up to and including a portion of the month of May, 1885, to Ladner Brothers, and that he would not pay again.

In the month of April, 1885, Theis distrained for the rent of the premises for the month of April, 1885, and Kost brought this action of replevin.

The plaintiff asked the court to charge the jury as follows:

1. If the jury find from the evidence that the plaintiff held the demised premises for the year commencing August 1, 1884, by a parol lease, and that the plaintiff paid Ladner Brothers in the month of August, 1884, and before that time, sums of money which, together with the amount expended by the plaintiff for repairs, was sufficient to discharge the rent of the demised premises until the 30th day of April, 1885 [and that the amount of money so paid, together with the amount expended for repairs, was in accordance with the terms of the said parol lease], then the plaintiff is entitled to recover. [1]

2. (Same as first point, except that it omits the words in brackets.) [2]

3. If the jury find from the evidence that the defendant Theis did not acquire a title to a portion of the demised premises until sometime in the month of May, 1885, then the plaintiff is entitled to recover. [3]

The court charged the jury as follows:

"Under all the evidence in the case the verdict must be for the defendants." [4]

The assignments of error specified: (1, 2, 3) The refusal of the plaintiff's points; and (4) the charge to the jury.

*Jourdan W. Roper,* for plaintiff in error.—When an agree·

ment under seal is modified by parol, the whole becomes parol, and the specialty no longer exists as such; but the writing may be referred to and its conditions made terms of the new contract. Vicary v. Moore, 2 Watts, 456, 27 Am. Dec. 323; Lawall v. Rader, 24 Pa. 283; Vaughn v. Ferris, 2 Watts & S. 51; Lehigh Coal & Nav. Co. v. Harlan, 27 Pa. 430; Wilgus v. Whitehead, 89 Pa. 132–134.

Where the rent is paid by the tenant in advance, in accordance with the terms of the lease, the purchaser at a sheriff's sale in the middle of the term is bound by these payments, if he elect to affirm the lease. Fullerton v. Shauffer, 12 Pa. 220; Farmers' & M. Bank v. Ege, 9 Watts, 436, 36 Am. Dec. 130.

When the defendant took possession of these premises, after acquiring them at the sheriff's sale, he had two courses open to him; one was to give the statutory three months' notice to Kost to quit; the other was to affirm the lease, and in the latter case he is bound by the payments which had been made by Kost to Ladner.

Theis chose to adopt the latter course, and sent a note to Kost demanding the rent. Even if it had not been a stipulation of the lease that the rent was payable in advance, if actually paid in advance, provided the payment is made before the recovery of judgment upon which the sale is made, the payment is binding on the purchaser, if he elect to affirm the lease. Purdon's Digest, § 149, p. 663.

The landlord must have title to all the land out of which rent issues. Duppa v. Mayo, 1 Wms.' Saund. 284.

*H. C. Haines* and *Joseph M. Pile,* for defendant in error.— Voluntary payments by a tenant are not binding on the purchaser at sheriff's sale. Act of June 16, 1836, P. L. 783.

Theis's title dated back to the date of his mortgage. Bury v. Sieber, 5 Pa. 431; Hemphill v. Tevis, 4 Watts & S. 535.

No contract or assignment by a landlord can deprive a sheriff's vendee of his right to his rent. M'Cormick v. M'Murtrie, 4 Watts, 192; Menough's Appeal, 5 Watts & S. 432; Boyd v. McCombs, 4 Pa. 146; Hayden v. Patterson, 51 Pa. 261.

The case of Fullerton v. Shauffer, 12 Pa. 220, relied upon by plaintiff in error, is so defectively reported it is of no value as an authority. Bittinger v. Baker, 29 Pa. 69, 70 Am. Dec. 154.

OPINION BY MR. JUSTICE WILLIAMS:

This is an action of replevin in which the defendants acknowledge the taking of the goods named in the writ, and say they were taken for rent then in arrears. The replication denies the title of the defendants and that there was rent in arrears.

The case was tried on these two questions in the court below, and the assignments of error raise the same questions here. As to the first of these, the evidence show that Kost went into possession of the Germania Theater on the first of August, 1883, under a written lease for one year from the Ladner Brothers, then the owners of the property. At the end of the first year the lease was extended by a parol agreement, and Kost continued in possession. On the 17th of September, 1884, Ladner Brothers assigned the lease to W. F. Harrity, who on the 17th of December, 1884, assigned to Theis. The Ladner Brothers were largely indebted to Theis, who held their mortgages covering the whole of the Germania property. Proceedings had been instituted upon these mortgages, and Theis had become the purchaser at sheriff's sale on the 6th of December, 1884, of all the property except a piece of ground on which part of the stage was built, which, however, was covered by some of his mortgages and was subsequently purchased by him. This fact, that a portion of the property covered by the mortgage had not yet been brought to sale and purchased by Theis, was the ground of the denial of his title.

It is enough to say in regard to the question thus raised that the landlord's warrant odes not rest on the deeds to Theis for the land out of which the rent issues, but on the agreement of Kost to pay rent. By virtue of his ownership of the lease Theis was clothed with all the rights and powers which the lessors could have exercised; and the fact that the title to a part or to all of the premises remained in them was wholly immaterial. They could not make use of their title to defeat the collection of the rent by their assignee of the lease. It is, therefore, unnecessary to invoke the general rule that a tenant cannot deny his landlord's title, for in this case the tenant asserts the title of his landlord and insists that the assignee of the lease cannot collect the rent because the assignor still holds the title. To state the position of the tenant is a sufficient discussion of it.

The other question is equally free from difficulty. The written lease was for one year from August 1, 1883, at $5,000 per

year, payable monthly in advance. As the end of the year approached, Kost gave to the Ladner Brothers notice that he could not continue to occupy the premises beyond the end of the year, unless necessary repairs were made upon the theater.

Accordingly, it was agreed that the repairs should be made by the tenant and their cost applied upon the rent. Under this arrangement Kost was to continue to occupy the premises at the same rent payable in the same manner. In other words, the lease was continued with no change whatever in its terms, upon condition that the repairs were to be made and their cost allowed on the rent. At the same time Ladner Brothers requested Kost to pay the rent as fast as he could. In August, 1884, Kost paid four months' rent in advance, *viz.,* for the months of August, September, October, and November, and took a receipt therefor. This was unquestionably a good payment; and Theis, whose title was not acquired until December, is in no position to object. In October the repairs were completed and their cost ascertained to be $1,435. The application of this sum on rent was the condition on which the lease was continued; and it was expended for the benefit of the building and its owner.

The court below properly held the tenant entitled to credit for the money so expended, which paid the rent for December, January, February, and part of March. Meantime the title of Theis had been acquired; and if other advance payments had been made, he had a right to insist that they were in excess of any legal liability resting on the tenant and not good as against him.

The errors assigned are not sustained and the judgment is affirmed.