# Landberg et al., Appellants, *v.* Equitable Investment Co. et al.

*Landlord and tenant — Lease — Assignment of lease—Cancellation of lease—Mortgage—Satisfaction—Two securities.*

1. Where a lease has been assigned, the lessor, who has assigned it and the lessee, cannot make a valid agreement of cancellation, regardless of the terms of the lease and the rights of the assignee.

2. A lessor may assign his lease to a third party and create in the assignee a vested right to collect the rent and enforce the covenants for the purpose for which the assignment was made as effectually as the lessor could have done had he retained the ownership.

3. Such assignee may distrain for rent due notwithstanding the fact that title to a part or all of the premises remains in the lessor; his rights are effectual against a subsequent purchaser of the reversion without notice of the assignment, or against a mortgagee in possession.

4. A tenant cannot make use of an outstanding title to defeat the rights of the assignee of the lease.

5. Where the lessor assigns the lease apart from the reversion, the relation of landlord and tenant is established between the assignee and the lessee, and the assignee takes subject to any equities

between the lessor and lessee, as well as to the terms and conditions of the lease itself and the assignment.

6. Where an owner and lessor of land assigns the lease to a mortgagee of the land who is to collect the rents and apply them as stipulated, it is the duty of the lessor to see that payments on the mortgage are all made, and he cannot hold the assignee liable for the result of default on the mortgage payments, because the lessee failed to pay the assignee all the rentals as they became due.

7. Where a person holds two securities for a debt, he is not required to pursue one of them, but may avail himself of either as long as the debt remains unpaid.

Argued January 24, 1928.   Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 344, Jan. T., 1927, by James Landberg et al., from decree of C. P. No. 4, Phila. Co., Dec. T., 1926, No. 10144, dismissing bill in equity, in case of James Landberg et al. v. Equitable Investment Company, Meyer C. Yaskin et al.   Affirmed.

Bill to compel satisfaction of mortgage.   Before FINLETTER, J.

The opinion of the Supreme Court states the facts.

Bill dismissed.   Plaintiff appealed.

*Error assigned,* inter alia, was decree, quoting it.

*Joseph M. Smith,* for appellants.—There are many cases which hold that where a party has so acted as to bring about a situation favorable to itself and unfavorable to the other party, it is estopped thereafter from asserting the facts or the law to be other than those which produced the effect desired: Camp v. Bank, 285 Pa. 337; Cameron v. Christy, 286 Pa. 405; Davis v. Ins. Co., 74 Pa. Superior Ct. 92.

*David S. Malis,* for appellees.—The assignee of the leasehold held it as security for the repayment of a debt

and the assignor could not cancel the lease without the assignee's consent: Rafsnyder's App., 88 Pa. 436.

A creditor holding several securities can avail himself of any of them as long as the debt remains unpaid: Jennings v. Loeffler, 184 Pa. 318; Ayres v. Wattson, 57 Pa. 360.

An owner of real estate who fails to pay interest and dues on encumbrances cannot be heard to say that he lost the benefit of an alleged sale where foreclosure is instituted on the mortgages by reason of such default.

OPINION BY MR. JUSTICE KEPHART, March 12, 1928:

The facts in this case, while involved, may be briefly stated. James Landberg, as the ostensible owner of property, executed a mortgage to the Bell Building & Loan Association, hereafter termed the association, by which he agreed to assign to the mortgagee all leases made for any part of the premises. James then conveyed the premises to the real purchaser, his brother John. Later, there was some difficulty with the original vendors, which was settled by arbitration. By the terms of the award, the vendors, Sats and Yaskin, were to lease the property for two years. That lease was to be assigned to the association, the award stating, "the assignment being pursuant to the provision of the mortgage." The association was to hold the lease, collect the money, and pay it out in accordance with the stipulations contained in the agreement. The award was complied with, the lease duly executed, Sats and Yaskin took possession thereunder, and the lease was assigned to the association.

The property was used for garage purposes, and, after a year's trial, it proved to be an unprofitable venture. A second disagreement then arose and again the parties settled the difficulty, this time by agreement. Sats and Yaskin owned one-half of another mortgage against Landberg, which he was anxious to have liquidated. By the agreement, it was to be satisfied, and Landberg was

to cancel defendants' lease, thus relieving them from any further liability on it.  There were other terms, but they are not material to the question before us.  The lease, however, had been assigned to the association under the terms of the mortgage and the arbitration award, and the association refused to cancel it, holding Sats and Yaskin thereunder.  The lessees then refused to procure satisfaction of that part of the mortgage owned by them, standing in the name of Hindin, their nominee.  The association, not receiving the monthly payments due on its mortgage, foreclosed, selling the property.  The lease was divested by the sale, as was lessor's equity of redemption, but Landberg's liability continued on the mortgage owned by Sats and Yaskin.  He brought this bill for specific performance of the contract, claiming that the settlement agreement terminated the lease, and pro tanto satisfied the mortgage.  He also argued that the association, in failing to collect the rent, assented to the cancellation of the lease, and was thus estopped from preventing cancellation.  The court below ruled all questions against Landberg, dismissed the bill, and this appeal followed.

The first question may be stated, Where a lease has been assigned, may the lessor, who is the assignor, and the lessee make a valid agreement of cancellation, regardless of the terms?  What are the assignee's rights thereunder?

Appellants' minor contention, that the association was merely a gratuitous assignee, and as such had no rights to protect, is answered by the facts.  James, after executing the mortgage to the association, transferred the real estate to John.  The recital in the mortgage required all leases to be assigned.  In the arbitration award, it specifically refers to this mortgage, and definitely required "the assignment of the lease [in question]......pursuant to the provisions of that mortgage."  The association took part in the arbitration proceeding, through its representative, which was suf-

ficiently comprehensive to include its claim as well as to fix John, the real purchaser, with certain responsibilities in relation thereto. The assignment of the lease was to collaterally secure the association.

A lessor may assign his lease to a third party, and create in the assignee a vested right to collect the rent and enforce the covenants or provisions for the purpose for which the assignment was made as effectually as the lessor could have done had he retained the ownership: Kost v. Theis and Delvin, 20 W. N. C. 545, 12 Atlantic 262. The assignee may distrain for rent due notwithstanding the fact that title to a part or to all of the premises remains in the lessors. His rights are effectual against a subsequent purchaser of the reversion without notice of the assignment (Winnisimmet Trust, Inc., v. Libby, 232 Mass. 491, 122 N. E. 575), or against a mortgagee in possession: Conley v. Fine, 169 N. Y. Supp. 162. And where, after an assignment of the rent, the tenant acquires the reversion, it has been held that this does not operate by way of merger to discharge the rent: Childs v. Clark, 3 Barb. Ch. (N. Y.) 52. A tenant cannot make use of an outstanding title to defeat the rights of the assignee.

Where the landlord assigns his lease apart from the reversion, the relation of landlord and tenant is established between the assignee and the lessee: Isman v. Hanscom, 217 Pa. 133; 35 C. J. 1218, section 49. The assignee takes subject to any equities between the lessor and lessee (Kost v. Theis, supra), as well as to the terms and conditions of the lease itself and the assignment. When these so provide, he may lose the benefit of both lease and assignment. Where a lease is lodged as collateral for a debt, or parted with for a consideration, if the lessee and lessor could disregard its terms, and, by an agreement of their own, terminate the lease, they could easily ruin the security: Rafsnyder's App., 88 Pa. 436.

When Landberg assigned this lease to the association, he parted with all rights in connection with the rents (except, of course, his right to enforce the terms of the agreement under which the assignment was made), and had, therefore, no interest which could be released or cancelled by agreement with the lessees (see Winnisimmet Trust, Inc., v. Libby, supra), nor could they in conjunction with the lessees modify, to assignee's prejudice, the terms of the lease by subsequent agreement. Under this lease lessor could, by giving sixty days' notice, have sold the property, in which event the lease would have been cancelled, or might have secured from the association its consent to the cancellation. Both methods were attempted, but neither was consummated. The contemplated sale was not completed; before the agreement was executed the property had been sold under foreclosure.

Plaintiff now contends that the assignee, by its failure to collect the rent, recognized the cancellation of the lease, consented to it, and cannot now be heard to assert its continuing validity; its acts have estopped it. Whether or not there was a failure to collect the rent was primarily a question of fact, and, as there was evidence of an effort to collect, partially successful, the finding of the court below,—that there was no estoppel,— would be conclusive of the question, if it is important, but we do not so regard it. There was no fixed duty on the assignee to collect rents, imposed either by the terms of the mortgage or by the assignment, and the assignee was notified by the lessor not to collect. Moreover, the association stood in the position of one holding two securities for a debt. It was not required to pursue any one of the securities, and could avail itself of either as long as the debt remained unpaid: Jennings v. Loeffler, 184 Pa. 318.

The assignee cannot be held responsible for the default in mortgage payments because the lessees failed to pay the rent under the settlement agreement. It

was the lessor's duty to see that the payments on the mortgages were all met. If the lessee failed for any reason to pay the rent, the assignor should have met the mortgage payments so as to prevent the default. If the assignee had committed an act which was prejudicial to the lessor's interest, as by refusing when requested to enter judgment on the lease for deferred rent, or to distrain, or do other acts to enforce payment, we might have a different question. But there is no such evidence in the case, and, from Landberg's own statement, drastic steps to attempt collection would have been futile. The second reason urged as showing error in the decree of the court below is, therefore, without merit.

The same may be said of the third reason. Appellant argues that the failure to complete the sale of the real estate was caused by the assignee's act in preventing satisfaction of the mortgage, it having notified the mortgagee not to satisfy it. The association is therefore prevented from setting up the lease as being in full force. There was no agreement of sale until after this bill was filed; the agreement was dated five days thereafter, and it could not be carried out.

All this is subject to the vital question which, regardless of the mortgage, was, Could the association keep the lease intact? We answer this affirmatively. It was not a party to the settlement agreement, and its rights under the lease were fixed. We have already decided that the association was a necessary party to the cancellation of the lease, unless the lessor cancelled it under its terms, but that could take place only when a sale was actually completed as therein provided. The trouble arose from Landberg's failure to pay the sums due on the mortgage. Had that been done, all difficulty would have been prevented.

The decree of the court below is affirmed at the cost of appellants.