## Adolph Bergman Building & Loan Association v. Blaul et al.

*Samuel Abramson*, for plaintiff; *Morgan, Lewis & Bockius*, for garnishee.

DAVIS, P. J., March 1, 1934.—This is a rule for judgment for want of sufficient answers to interrogatories.

On February 29, 1928, the plaintiff loaned to defendants $6,000, secured by a bond and mortgage. On November 24, 1933, the defendants were in default on the mortgage, and thereupon plaintiff entered judgment on the bond and warrant. On January 24, 1934, plaintiff issued an attachment execution against the defendants and summoned Germantown Trust Company, garnishee.

In answer to the interrogatories filed by the plaintiff, the garnishee admits that there is a balance of $221.68 to the credit of Mabel L. Blaul on a deposit account. The garnishee further answers that the defendant Mabel L. Blaul is indebted to the garnishee in the sum of $1,000, on two notes in the sum of $500 each, dated January 13, 1932, and August 23, 1933. These are demand notes, and as security the garnishee holds collateral of three bonds totaling in face value $3,000.

The garnishee avers that under the wording of the notes it has a lien upon the deposit account as well as upon the collateral securing the notes, and that since the service of the writ of attachment the garnishee has been notified by Mary C. Blaul that the bonds totaling $3,000 face value belong to and are the property of Mary C. Blaul.

The garnishee contends that the note of January 13, 1932, expressly provides: "It being further understood and agreed that said holder shall have a like lien upon any and all funds, moneys, balances, stocks, bonds, notes and other property at any time in the hands of said holder belonging to the undersigned, or any endorser or guarantor hereof, as security for this note and for any and all liability or liabilities, to said holder, matured or unmatured, or that may be hereafter contracted, whether direct or contingent and whether now or hereafter acquired, of the undersigned or any endorser or guarantor hereof; which lien shall be enforceable in like manner and shall be subject to all the provisions herein above and before mentioned and set out."

The note dated August 23, 1933, recites: "It is also agreed that said company shall have a lien upon all funds, moneys, balances, stocks, bonds, notes and other property, real or personal, at any time in its possession belonging to maker, for the payment of this note and any other of maker's obligations to said company, matured or unmatured, or that may be hereafter contracted."

It is obvious that this is a special contract between the defendant and the garnishee, giving to the garnishee a lien upon the deposit account of the defendant.

The right of the bank to establish a lien upon the deposit account of its depositor by way of special contract has been sustained in the case of Southwark National Bank v. Beck, Administratrix, 98 Pa. Superior Ct. 213: "All sums of money on deposit with said bank or in its possession belonging to the undersigned, . . . shall immediately become the subject of set-off by said bank against any liability or indebtedness due or to become due said bank by the undersigned, either directly or by endorsement or contingently, and may be charged immediately by said bank against any such liability or indebtedness of the undersigned, and may at all times at the option of said bank, be held and immediately appropriated by said bank to the payment of all notes, endorsements, obligations or indebtedness in any form, matured or unmatured, made by the undersigned, which said bank may hold."

We are of opinion that a lien could not be established in the instant case if the notes had not been due at the date of the writ of attachment served upon the garnishee. Both notes are demand notes, and a demand note is due upon the execution thereof, and the statute of limitations begins to run immediately: Cook v. Carpenter (No. 1), 212 Pa. 165. The indebtedness of the defendant to the garnishee being due at the time the writ of attachment was served upon the garnishee, the latter could have enforced its lien against the attaching creditor at any time prior to the service of the writ of attachment: Southwark National Bank v. Beck, Admx., supra. In Landberg et al. v. Equitable Investment Co. et al., 292 Pa. 476, it was held: "Where a person holds two securities for a debt, he is not required to pursue one of them, but may avail himself of either as long as the debt remains unpaid."

We could find no case, however, which justifies the garnishee, the holder of the collateral notes, in indefinitely postponing the collection on its demand loan and holding the deposit account of the maker of the note against the attachment of a judgment creditor. As we have stated, both notes were demand notes, and the collateral was taken as security for the loans. The attachment issued January 24, 1934, 2 years after the date of the first note, and 4 months after the date of the second note. It does not appear that any demand has been made by the garnishee upon the maker of the notes for payment thereof.

Where a debt to a bank has not matured, the bank cannot set off its debt against the deposits, as against an attachment creditor of the depositor: Schiff v. Schindler et al., 98 Pa. Superior Ct. 207; Southwark National Bank v. Beck, Admx., supra. The failure of the trust company garnishee to exercise its right to call the loan raises the question of estoppel.

"If the bank fails to notify the depositor that it has exercised its right of set-off until a check is presented to it for payment in favor of a third person it is liable for damages for dishonoring the check. Callahan v. Bank of Anderson, 69 S. C. 374, 48 S. E. 293 (1904)": Morse, Banks and Banking, 774, sec. 331, footnote.

Considering the question as to the right of the bank to retain any bank balance against the claim of a third party, in such case the bank could defeat the claim of any judgment creditor, even if the deposit balance was far in excess of the claim on the notes or the collateral deposited as security therefor. This would work an injustice to creditors and would be inequitable. The garnishee cannot be heard to complain, if it ignores its right to demand the payment of the notes for over a year after the execution thereof, against the rights of a third party. We are of opinion that the plaintiff is entitled to judgment on the answer in the sum of $221.68, the amount of the deposit account, less $13.50 garnishee's attorney's fee.

Rule absolute for $221.68, less $13.50 garnishee's attorney's fee.