**Farmers Trust Company of Lancaster et al. *v.* Miller et al., Appellants.**

Argued November 12, 1934.

Before TREXLER, P. J., KELLER,

CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ. 

*Robert Ruppin*, for appellants.

*Charles L. Miller*, for appellees.

OPINION BY PARKER, J., February 1, 1935:

The defendants have appealed from a decree in equity ordering them to remove obstructions to the free and uninterrupted use of a railroad siding by the plaintiff, Farmers Trust Company of Lancaster, and its tenant. The main contentions of the appellants are that the plaintiff did not show any right to equitable relief, that it had an adequate remedy at law, and that the action could not be maintained without the joinder of another party. Sufficient facts were found by the chancellor, which are not the subject of any exceptions, to dispose of the legal questions involved.

The defendant, in writing, leased to Tide Water Oil Sales Corporation for the term of seven years a lot in the city of Lancaster with filling station equipment and other improvements located thereon. The lease contained an additional grant as follows: "This lease to include all buildings and equipment thereto belonging, and also to include the use of the present railroad siding coming into the said tract." The defendants, at the time the lease was given, were in possession of the land between the railroad and the land leased and on which the siding was located. Shortly after the

beginning of the term of the lease, the lessors, who are the defendants in this action, assigned to Farmers Trust all their "right, title and interest as landlords or lessors" in and to the lease as well as any renewals of such lease and the "rents, issues and profits accruing to" the lessors. Thereafter the defendants placed obstructions on the siding which prevented the passage of cars from the railroad to the leased premises. Tide Water had regularly used the switch or siding for the transfer of cars to a "bulk" station on the leased land, and when the obstruction was placed threatened to surrender the lease. There being some dispute as to the ownership of the land leased and the right to receive the rentals between Farmers Trust and Louis S. May, a trustee in bankruptcy, both joined as complainants and before the completion of the taking of evidence, the rights of the bankrupt were conveyed to Farmers Trust, thus eliminating any interest of the bankrupt estate.

The assignment from the defendants to Farmers Trust established the relationship of landlord and tenant between Farmers Trust and Tide Water (Isman v. Hanscom, 217 Pa. 133, 66 A. 329) and created in Farmers Trust "a vested right to collect the rent and enforce the covenants or provisions" of the lease "as effectually as the lessor could have done had he retained the ownership": Landberg v. Equitable Inv. Co., 292 Pa. 476, 480, 141 A. 302.

The use of the siding was granted by defendants to Tide Water to enable it to transport cars from the main line to the leased premises. This is too apparent to require argument. "It is well settled that injunction will lie to protect the owner of an easement in its enjoyment": 19 C. J. 992. "It has long been settled that nuisances to rights of way are one of the classes of cases in which the equitable remedy by injunction may be sought": Hacke's Appeal, 101 Pa. 245, 249.

It is suggested that the question of title should have first been determined in an action at law, but this overlooks the fact that the defendants have settled the title by their contract. The words of Mr. Justice TRUNKEY in Hacke's Appeal, supra (p. 249), are directly in point: "This right of way is founded upon contract, the grant being shown by the respective deeds ...... The owner has a right to its enjoyment in the mode and form stipulated for in the deeds. The mere fact that the appellants prevent such enjoyment is sufficient ground for interference of the court by injunction. It is not necessary that the owner should prove damage to entitle him to his property."

Again, it is urged that Farmers Trust, the landlord, is out of possession and that this action cannot be maintained without the joinder of the tenant. In support of this proposition appellant cites cases from other states: Coney v. Brunswick, 42 S. E. 598; Miller v. Edison Co., 76 N. E. 734; Sherman v. Levingston, 128 N. Y. S. 581.

The books are full of cases where a landlord has been permitted to maintain an action for injury to his property when there is an injury to the estate of the landlord although at the time a tenant was in possession of the premises. A frequent example of such actions occurs where the injury is to a reversion to which the landlord is entitled. See Devlin v. Snellenburg, 132 Pa. 186, 18 A. 1119; Green v. Sun Co., 32 Pa. Superior Ct. 521; Welliver v. Irondale E. L. etc., Co., 38 Pa. Superior Ct. 26; Logan v. Penna. Telephone Co., 40 Pa. Superior Ct. 644. In principle the situation here is the same. The effect of obstructing the use of the siding in this case was to deprive Farmers Trust of its property, for it is threatened with a surrender of the lease by Tide Water. Such action upon the part of Tide Water would certainly be a direct and immediate injury to Farmers Trust. Even

if we assume that the landlord had the right to and could lease the premises for the same rental to other parties, it was entitled to have the property which it purchased. On the other hand, a serious question might arise if this lease was terminated as to the right of Farmers Trust to make a new lease for the land and at the same time maintain its right to the switch. The switch was appurtenant to the lease and if this lease was terminated the defendants would undoubtedly insist that the right to use the switch had ceased. While, as we have indicated, it is not essential that the plaintiff should prove damages in order to have the right to maintain an action for his property, still we are satisfied that there was an immediate injury to the vested interest of Farmers Trust.

Some objection has been made to the fact that it was not shown that officials of Tide Water had threatened to cancel the lease or that there was reason to believe that the lease would be surrendered. This overlooks the fact that the general manager of Tide Water, who had supervision of this station, when called as a witness testified that the lease would be worthless to Tide Water without the use of the siding and that if it was deprived of such use it would be necessary to look for another location.

On principle, the situation which we are dealing with here is not materially different from that of a bill for specific performance. In fact, it only differs in that the defendants have here delivered possession of the property and then, contrary to the clear terms of their agreement, interfered with the enjoyment of the privileges granted and by their action threaten the destruction of the property sold to Farmers Trust.

We are all of the opinion that the case was correctly disposed of by the court below.

Decree affirmed at the cost of the appellants.