Mercantile & Theatres Properties, Inc., to use, et al., *v.* Stanley Company of America, Appellant.

Argued January 13, 1943. Before MAXEY, C. J.; DREW, LINN, STERN, PATTERSON, PARKER and STEARNE, JJ.

*Morris Wolf*, with him *Louis J. Goffman, D. Benjamin Kresch* and *Wolf, Block, Schorr & Solis-Cohen*, for appellant.

*William E. Mikell, Jr.*, with him *Maurice Bower Saul*, of *Saul, Ewing, Remick & Harrison*, for appellee.

OPINION BY MR. JUSTICE LINN, January 29, 1943:

Defendant appeals from judgment for rent. The legal plaintiff owned Waverly Theatre, encumbered by a mort-

gage securing bonds. The theatre was leased to defendant by a lease that was subject to the mortgage and which was assigned to the mortgage trustee, the use-plaintiff appellee, as additional security. The bonds matured March 15, 1932, but were not paid, whereupon a bond-holders committee, also a use-plaintiff, was formed. The rent was a sum agreed upon plus "25% of the net operating earnings of the theatre in each year." The amount for which judgment was rendered is not in dispute.

Appellant contends that it is relieved of liability by an agreement made with the lessor September 11, 1928, a date subsequent to the assignment of the lease. This agreement, made without the knowledge or consent of the assignee, provided that before determining the net operating earnings, certain expenditures, which appellant calls capital expenditures, should first be deducted. If this agreement is enforceable against the lessor's assignee, the amount payable as rent under the provision to share in the net operating expenses will be reduced. It seems that for some years after this agreement was made, it was lost and was not enforced. When it was found defendant sought to enforce it by withholding rent. The defense was rejected by the learned President Judge who tried the case without a jury on the ground that after the lease was assigned, the lessor and the lessee were incompetent to reduce the rent without the assignee's consent. To the suggestion that the capital expenditures made it possible for the theatre to continue in operation, the answer remains the same; without the assignee's consent, it would be ineffective.

The appellant would apply the rule that as the mortgage included the ". . . rents, issues and profits" it was necessary to give notice to the lessee to pay to the mortgagee; that, until such notice was given, the lessor and lessee could deal with the rent, and as there was no notice prior to suit, there was no liability to account for rent alleged to have accrued prior to suit.

It is unnecessary to discuss the meaning and effect of the provision in the mortgage. Questions concerning it, presented in various circumstances, were considered at length in opinions by President Judge KELLER: *Bulger v. Wilderman & Pleet*, 101 Pa. Superior Ct. 168; *Miners Savings Bank v. Thomas*, 140 Pa. Superior Ct. 5, 12 A. 2d 810; *Peoples-Pittsburgh Trust Co. v. Henshaw*, 141 Pa. Superior Ct. 585, 15 A. 2d 711; and by this court in *Randal v. Jersey Mortgage Inv. Co.*, 306 Pa. 1, 158 A. 865; *Brown v. Aiken*, 329 Pa. 566, 198 A. 441. We need not consider the provision because the parties made another contract on which the mortgage trustee relies for the rent, namely, the contract of February 15, 1927, by which the lessor assigned to the mortgage trustee all its ". . . right, title and interest in and to the lease between us, as Lessor," and defendant as lessee. The assignment placed the mortgage trustee in the shoes of the lessor and incapacitated the lessor and lessee from reducing the rent. The consent of the lessee was not necessary to the assignment: *Bulger v. Wilderman & Pleet*, supra, p. 180; *Peoples-Pittsburgh Trust Co. v. Henshaw*, supra, p. 588. The provision in the assignment that "Until default has been made in any of the provisions of the mortgage . . . the Trustee may permit . . ." the lessor to collect the rent conferred no authority to reduce it. The effect of assignment of a lease as collateral was considered in *Landberg v. Equitable Investment Co.*, 292 Pa. 476, 480, 141 A. 302. It was said that by assigning his lease a landlord parts with his right to release or cancel the rent by agreement with the lessee and that an agreement by both to the prejudice of the assignee is ineffective. See also *Farmers Trust Co. v. Miller*, 116 Pa. Superior Ct. 446, 176 A. 815; *Kost v. Theis*, 9 Sadler 336, 12 A. 262; cf. *Rafsnyder's Appeal*, 88 Pa. 436.

Judgment affirmed.