Kennedy v. Erkman (et al., Appellant).

652

Argued March 20, 1957. Before JONES, C.J., BELL, CHIDSEY, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

*John K. Tabor,* with him *Thomas W. Pomeroy, Jr., Aims C. Coney, Jr.,* and *Kirkpatrick, Pomeroy, Lockhart & Johnson,* for appellant.

*Elmer H. Jacek,* for appellant.

*Henry E. Rea, Jr.,* with him *Robert Palkovitz* and *Metz, McClure & MacAlister,* for appellee.

OPINION BY MR. JUSTICE CHIDSEY, June 28, 1957:

There are two appeals in this case. One is the appeal of John C. Huss, one of the defendants in the court below. The other is the appeal of Cities Service Oil Company, an intervenor defendant in the court below. Both appeals are from the order of the trial court which discharged rules to show cause why a judgment in an amicable action of ejectment should not be stricken or opened.

The case arises from the following facts: Appellees, Samuel A. Kennedy and Margaret J. Kennedy, his wife, owned a gasoline service station in Versailles Borough, Allegheny County. On April 9, 1951 appellees entered into a written lease to rent the premises containing the service station to Michael Erkman and John C. Huss. Erkman and Huss were both defendants in the court below, but Erkman is not an appellant in this court. The lease was for a period of one year, expiring on March 16, 1952, and from year to year thereafter, but, nevertheless, each party could terminate the lease at any time upon sixty days' written notice. The lease

provided that the premises could be used solely as a retail gasoline sales station and that only gasoline, motor oils and greases distributed or sold by lessors could be sold by the lessees, and such products could be purchased only from or through the lessors. Lessees agreed to pay to lessors a rental of $540 per month. On or about October 27, 1952, the Kennedys executed a written assignment to the intervenor appellant, Cities Service Oil Company. The assignment provided that in consideration of One Dollar the Kennedys assigned to Cities Service Company "all rights, privileges and obligations" in the lease with Erkman and Huss, "with the specific exception that all rental payments shall continue to be paid directly to [the Kennedys]" by Erkman and Huss. The assignment further provided, "This assignment does not include the rentals and all rights incidental thereto." On a date, found by the court below to be January 12, 1956, appellee Samuel Kennedy gave timely notice to Erkman and Huss that the lessors terminated their lease and directed the lessees to vacate the premises on or before March 16, 1956. When the lessees failed to vacate the premises in accordance with the notice, the Kennedys confessed judgment in an amicable action of ejectment in accordance with the provisions of the lease. On lessees' motion a rule was granted on plaintiffs to show cause why the judgment should not be opened and the defendant allowed to defend. Cities Service Oil Company was permitted to intervene and to file a petition to open the judgment and an answer to the complaint. Subsequently, the defendants and the intervenor filed a petition praying the court to strike off the judgment, because one of the lessors, Margaret J. Kennedy, did not sign the notice of termination of the lease. The court below heard the case on the pleadings and depositions taken by the parties and, as above stated, refused to

strike or open the judgment entered for the plaintiffs in the amicable action of ejectment.

The issues presented by the facts in this case are very narrow. They may be stated as follows:

1. Did the assignment executed by the Kennedys convey their power to terminate the lease; and

2. Where a husband and wife are the lessors, is it necessary that a termination notice be signed by the wife as well as the husband?

In order to resolve the first issue, it is necessary to determine the intent of the parties in using the words "all rights, privileges and obligations" to describe what was to pass to the assignee at the time the assignment was executed.

The primary rule of construction of an agreement is that the intent of the parties is controlling. Where the words used are clear and unambiguous the intention must be determined from the agreement alone: *Atlantic Refining Company v. Wyoming National Bank of Wilkes-Barre et al.*, 356 Pa. 226 (1947), 51 A. 2d 719. But where there is ambiguity or doubt a court may resort to surrounding circumstances to ascertain the intent of the parties: *Mowry, Exr. et al. v. McWherter*, 365 Pa. 232 (1950), 74 A. 2d 154.

Appellants contend that when a lessor assigns a lease he no longer has the power to terminate it. In support of this contention, appellants cite *Landberg et al. v. Equitable Investment Co. et al.*, 292 Pa. 476 (1928), 141 A. 302, and *Mercantile & Theatres Properties, Inc., to use, et al. v. Stanley Company of America*, 346 Pa. 343 (1943), 30 A. 2d 136. These cases are not determinative of the issue raised in the present appeals. It is clear under these and similar cases, where the parties, because of the nature of the transaction involved, unquestionably intend to assign the power to terminate a lease, that power will pass to the

assignee along with the other attributes of property which the lease formerly vested in the assignor. The cases cited by appellant, and others which could have been cited, arose out of financial transactions where the lessor's entire interest in a lease was assigned as security for a specific obligation owed by the assignor to the assignee. Where a loan is secured by the pledge of specific assets, it would be an extraordinary situation for the pledgor to retain the unilateral right to destroy the value of the security.

Further examination of the assignment involved in the instant appeals sheds additional light upon the intent of the parties. The assignors specifically reserved the rentals and all rights incidental thereto. The right to receive rents is usually the most essential element in any lease from the standpoint of the lessor, and here that important right of the lessor was completely unaffected by the assignment.

The consideration passing to the assignor for the assignment is also significant in determining intent. The assignment recites a consideration of One Dollar and there is no evidence that the actual consideration was anything more than that. It seems almost inconceivable that for a nominal consideration a lessor would agree to place beyond his power indefinitely the ability to increase rental income by terminating a lease and entering into a more favorable one should the opportunity present itself. It is likewise inconceivable that the lessor-owners would, by relinquishing for an indefinite period their power to terminate (while the lessees retained their power to terminate at will) a lease calling for a restricted single use and a fixed rental, create a condition which would make it impossible as a practical matter for them to sell their land at the value it would possess without such limitation. These are particularly important considerations to a lessor in a pe-

riod of rising real estate and rental values such as this country has experienced in recent years and is still experiencing. In this connection it is to be noted that in the lease itself the lessor retained the power to terminate the lease at any time upon sixty days' written notice.

The words of art which are usually employed where parties intend that all of an assignor's valuable property attributes should pass to the assignee are "all of the right, title and interest" rather than "rights, privileges and obligations". The ability to terminate a lease is more properly designated a power rather than a right, and would clearly be intended to pass to an assignee where all of the interest of a lessor in the lease is conveyed by an assignment. The use of the terms employed in this part of the assignment here involved, as well as its other provisions previously referred to, result in an ambiguity or doubt as to the intent of the parties.

When the surrounding circumstances are considered, the intent of the parties to the assignment clearly emerges. Appellee Samuel A. Kennedy testified on deposition that the lessee service station operators had refused to enter into agreements with appellant Cities Service Oil Company for equipment rental and sales contracts—under the lease, the lessors had the right to prescribe the brand of products which were to be sold on the premises—and that the purpose of the assignment was to give Cities Service Oil Company the right to supply its products to the lessee. This testimony was uncontradicted. The right to furnish its products, which is undoubtedly of value to appellant Cities Service Oil Company, passed to it by the assignment and was enjoyed by it for a period of more than three years.

We are of the opinion that the parties did not intend that the power to terminate the lease was to pass by the assignment, but that the power to terminate remained in the lessors. Moreover, a proceeding to open a judgment is equitable in nature and the equities here militate strongly in favor of plaintiff-appellees.

We come now to the question of whether lessors gave notice of termination in accordance with the provisions of the lease. The lease provided ". . . either party may terminate same at any time without regard to the term stated by written notice delivered to the other party sixty days prior to the date upon which such termination is to become effective." Husband and wife appellees were both parties to the lease as lessors, but only the husband appellee signed the notice of termination. Appellants contend that the lease provisions required both lessors to sign the notice. This issue was raised in the court below by the motion to strike the judgment from the record.

The Kennedys held title to the leased premises as tenants by the entireties. Where real estate is so held, neither spouse, acting independently, may create or terminate any legal interest in the land to the prejudice of the other spouse: *Schweitzer v. Evans*, 360 Pa. 552 (1949), 63 A. 2d 39. There is, however, with respect to entireties property, a well established presumption that during the term of a marriage either spouse has the power to act for both, without specific authorization, so long as the benefits of such action inure to both: *Schweitzer v. Evans*, supra; *Madden et al. v. Gosztonyi Savings and Trust Company*, 331 Pa. 476 (1938), 200 A. 2d 624. This presumption may be rebutted by evidence that the spouse acting was not in fact authorized by the other spouse. There is no such evidence in this case. Appellee Samuel A. Kennedy stated in the written notice that he was acting on behalf of himself and

his wife. The notice served upon the lessees provided: "You are NOTIFIED that *Lessors* do hereby terminate said lease." The record does not disclose that appellee Margaret J. Kennedy at any time indicated that she was not completely in accord with the termination of the lease. We therefore hold that the power to terminate the lease was properly executed by the lessors and that the lessees received the notice of termination to which they were entitled.

The order of the court below refusing to strike or open the judgment entered in ejectment is affirmed, costs to be paid by appellants.