## Ruhe v. Kroger Company, Appellant.

Argued March 21, 1962. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*William A. Challener, Jr.,* for appellant.

*William G. Boyle,* with him *Alexander Unkovic,* and *Kountz, Fry & Meyer,* for appellee.

OPINION BY MR. JUSTICE BENJAMIN R. JONES, April 17, 1962:

On or about August 31, 1955, The Kroger Company (Kroger) entered into a written lease with Material Service, Inc. (Material) wherein Kroger leased, for the purpose of conducting a retail store, certain premises which are located in the Crafton-Ingram Shopping Center in the Borough of Ingram, Allegheny County. This lease was assigned on March 15, 1958 by Material to 1204 Corporation, a Pennsylvania corporation. On October 10, 1958, 1204 Corporation mortgaged the premises to the Jefferson Standard Life Insurance Company (Jefferson), a Pennsylvania corporation. On that same date, Jefferson, the mortgagee, obtained from 1204 Corporation an "Assignment of Leases, Rents and Profits" as additional security for its mortgage loan.[1] Kroger was duly notified by Jefferson of this assignment of

---

[1] This assignment recites that 1204 Corporation "sells, transfers and assigns" to Jefferson "all its right, title and interest" of 1204 Corporation "in and to the rents, issues, profits, revenues, royalties, rights and benefits" from certain described property and "to that end" 1204 Corporation "assigns and sets over" to Jefferson "all present and future leases" (specifically naming 21 leases, the date thereof and the terms, including the leases to Kroger and to Bowling Lanes, infra). It then authorizes Jefferson, upon a default in the payment of the obligation secured by the mortgage and a demand for its payment, "to collect the said rents, issues" etc. Particularly pertinent is the provision that: "Nothing herein contained shall be construed as making [Jefferson], or its successors and assigns, *a mortgagee in possession. . . .*"

certain rights under the Kroger-1204 Corporation lease "as additional security for a loan" and was directed not to make any prepayment of the rent or modify or change any of the terms of the lease without Jefferson's written approval.

The basement, directly underneath the premises leased by Kroger and used for retail store purposes, was leased by 1204 Corporation to Charles R. Ruhe et al., doing business as Crafton-Ingram Bowling Lanes (Bowling Lanes), and said Bowling Lanes conducted therein a bowling alley.

On May 2, 1961, Bowling Lanes instituted a trespass suit against Kroger in the Court of Common Pleas of Allegheny County. In its complaint Bowling Lanes averred that, on numerous occasions, during the period from November 7, 1958 up to October 18, 1960, the premises which it occupied were damaged by water and that such damage was caused by certain stated acts on the part of Kroger, the occupier of the premises directly above the bowling alley. To this complaint, Kroger filed an answer wherein it denied any negligence on its part and, by way of new matter, averred that, if Bowling Lanes' premises were damaged by water, such damage was due not to negligence on Kroger's part but on the part of "the owner, the architect, contractor or other third parties" in failing to provide proper and adequate facilities for the drainage of water. Kroger, on July 18, 1961, then filed a complaint to join as additional defendants in the action both 1204 Corporation and Jefferson averring they had failed to provide adequate drainage facilities for sewage disposal, adequate vertical fall in the drain and sewer pipes, that they had installed drain pipes which contained obstructions to the flow of water, that they had failed to properly seal the floor so as to prevent water escaping to a lower level and had failed to provide adequate plumbing, etc. Jefferson filed preliminary ob-

jections averring that no cause of action had been stated against it.[2] The court below sustained these preliminary objections and from its order Kroger has appealed.

We are called upon to determine whether the assignment from 1204 Corporation to Jefferson created any liability on the part of Jefferson for damages arising from defective sewage disposal facilities on the premises under lease to Kroger.

An examination of the assignment *clearly* reveals that its *sole* purpose was to provide Jefferson with additional security for the payment by 1204 Corporation of its obligations secured by the mortgage. This assignment granted Jefferson no rights to the collection of any rent until a certain event had occurred, i.e., "until there has been a default in the payment of the indebtedness secured by the mortgage . . ., or default in the payment of any sums secured by said mortgage" and, so far as this record indicates, no such default had occurred. Therefore, at the time of the events related in the trespass complaint, Jefferson had no right even to collect rent from the premises. Furthermore, the assignment by its terms effected no change in the possession of the premises and granted to Jefferson no right to control or dominion over the premises and 1204 Corporation remained in *sole* possession of the premises *as between it and Jefferson.* The assignment *expressly* negatived any idea that Jefferson thereby acquired the status of a mortgagee in possession.

Even if Jefferson, by this assignment, had acquired the *immediate* right to the collection of the rent, such fact would not create liability on Jefferson's part. In *Minner v. Pittsburgh*, 363 Pa. 199, 69 A. 2d 384, we stated: ". . . The mere acceptance of rents from an agent

---

[2] In its complaint Kroger does not aver either that Jefferson was a mortgagee in possession or that it exercised actual control or dominion over the property.

of the owners of the real estate does not constitute that exclusive control and possession which is essential to impose liability upon the mortgagees. . . ." See also: *Guyton v. Pittsburgh*, 155 Pa. Superior Ct. 76, 38 A. 2d 383.

There is nothing on this record which indicates that by this assignment Jefferson acquired any such dominion or control of the premises as would subject it to liability in this trespass action.

*Landberg v. Equitable Investment Co.*, 292 Pa. 476, 141 A. 302, *Mercantile & Theatres Properties, Inc. v. Stanley Company of America*, 346 Pa. 343, 30 A. 2d 136 and *Kennedy v. Erkman*, 389 Pa. 651, 133 A. 2d 550, relied upon by Kroger, are inapposite to the factual situation in the case at bar.

Order affirmed. Costs on Kroger.